**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SNAPMEDTECH, INC., a Delaware corporation<br><br>              Plaintiff,<br><br>   v.<br><br>MORRIS SNF MANAGEMENT, LLC d/b/a REGENCY CARE OF MORRIS, a Virginia limited liability company; and WW HEALTHCARE CONSULTANTS, LLC, a Virginia limited liability company;<br><br>              Defendants. | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

Plaintiff SnapMedTech, Inc. ("SnapNurse") files this Original Complaint against Defendant Morris SNF Management, LLC ("Regency") and WW Healthcare Consultants, LLC ("WW") (collectively, "Defendants") and alleges as follows:

**I.     THE PARTIES**

1.     Plaintiff SnapMedTech, Inc. is a Delaware corporation having its principal place of business at 1201 Peachtree Street NE, Building 400, Suite 1800, Atlanta, Georgia 30361.

2.     Defendant Regency is a Virginia limited liability company having a its

1

principal place of business at 1095 Twilight Drive, Morris, Illinois 60450-3322. Regency's registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, IL 62703. Regency can be served at its principal place of business or by and through its registered agent

3.      Defendant WW is a Virginia limited liability company having its principal place of business at 1978 8th Avenue NW, Hickory, NC 28603. WW's registered agent is Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. WW can be served at its principal place of business or by and through its registered agent.

## II.      JURISDICTION AND VENUE

4.      This is an action for breach of contract between parties of complete diversity in terms of state citizenship, and the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a).

5.      Personal jurisdiction over Defendants is proper in this Court because Defendants have sufficient minimum contacts with this state by engaging in activities giving rise to these claims for breach of contract that were and are directed at this judicial district. Defendants reached out to SnapNurse in this district to contract for professional services originating from this district.

6.      Personal jurisdiction over Defendants is proper in this Court and judicial district under the controlling law provision in the Staffing Agreement between the parties.

7.      Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to SnapNurse's claims have occurred within this judicial district.

## III.   BACKGROUND

8.      SnapNurse is a provider of technology-enabled contract nursing services.   The company assists healthcare facilities throughout the country in securing nurses and other health care professionals to work on a short to medium term basis.

9.      In doing so, SnapNurse works to retain qualified, licensed, and accredited health care personnel that meet the needs of its health care facility clients. SnapNurse then compensates the personnel for the time and work and invoices the facility for payment based on agreed-upon rates with the facility.

10.     In 2021, SnapNurse executed a Staffing Agreement ("Agreement") with Regency.  As the managing entity of Regency, WW sought and executed the Agreement with SnapNurse.

11.     As the managing entity of Regency, WW was responsible for paying the invoices billed by SnapNurse.

12.     Shortly thereafter, Regency submitted an initial order to SnapNurse for nurses to begin work at Regency.

13.     SnapNurse proceeded to retain qualified nursing personnel to fill the order Regency submitted to SnapNurse.  Beginning in early 2021, SnapNurse personnel began shifts performing nursing duties at Regency.  SnapNurse paid significant sums for travel and housing expenses for the nurses to arrive as contemplated at Regency.

14.     After SnapNurse provided nursing personnel that had capably performed and completed shifts at Regency, Defendants failed to pay the amount owed under the Agreement, which provides the hourly rates for the nurses requested.

15.     Since beginning the engagement with Defendants pursuant to the Agreement, SnapNurse provided nursing services and accordingly invoiced Embassy—$1,060,338.44 remains unpaid.  Defendants have failed and refused to pay for any services invoiced from May 20, 2021, through January 13, 2022, when SnapNurse's services ceased.

16.     Pursuant to the Agreement, Regency was required to pay SnapNurse's invoices within 30 days of the invoice, which stated that "[a]ll invoices are due and

4

payable within 30 days of receipt. [SnapNurse] invoices to Client unpaid after 30 days of receipt shall accrue interest at a rate of one and a half percent (1.5%) per year, or fraction thereof. If a dispute arises about an invoice, Client shall pay the undisputed amount pending the resolution of the parties' resolution of the disputed amount."

17.     In addition, the Agreement provides that a prevailing party may recover attorneys' fees for any dispute arising under the agreement, including the recovery of amounts due on invoices, stating that "[t]he prevailing Party in any arbitration or lawsuit arising from any dispute or claim under this Agreement shall be entitled to recover its reasonable attorney's fees, costs and expenses."

18.     SnapNurse invoiced Defendants for an amount equal to $1,060,338.44. Defendants have refused to pay these invoices despite repeated request.

19.     At the same time, SnapNurse dutifully paid the nurses that have performed services for Embassy and reimbursed the expenses of those nurses.

20.     SnapNurse has reached out to Defendants through a number of channels and provided Defendants every opportunity to make payment. Defendants have made no indication it intends to make any payment to SnapNurse or to seek any form of alternate dispute resolution.

### IV.   CAUSE OF ACTION

## CLAIM I—BREACH OF CONTRACT

21.     SnapNurse incorporates by reference all previous allegations as though set forth fully here.

22.     A claim for breach of contract requires (1) a valid contract, (2) a breach of its material terms, and (3) damages arising therefrom.

23.     SnapNurse and Defendants entered into the Agreement in early 2021. Regency submitted orders for nursing personnel pursuant to the Agreement.  The Agreement was a valid and binding contract throughout the duration of the relationship between SnapNurse and Defendants.

24.     Defendants breached the Agreement by failing to pay the invoices SnapNurse submitted to Defendants for payment of services provided.

25.     SnapNurse has incurred significant monetary damages as a result of Defendants' breach, including direct and consequential damages, along with attorneys' fees, court costs, and other expenses.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff SnapNurse respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff SnapNurse that Defendants have breached the parties' agreements, including the Staffing Agreement;

b.      A judgment and order requiring Defendants to pay SnapNurse its damages, costs, expenses, attorneys' fees, and prejudgment and post-judgment interest for Defendants' breach of contract; and

c.      Any and all other relief as this Court may deem just and proper be awarded to Plaintiff SnapNurse.

## VI.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), SnapNurse hereby demands a trial by jury of any issues so triable by right.

Dated: September 7, 2022               Respectfully submitted,


                                       /s/ Brannon McKay
                                       ────────────────────────────
                                       Brannon McKay
                                       Georgia Bar Number 558603
                                       Ben Bailey
                                       Georgia Bar Number 117201
                                       800 Battery Avenue SE, Suite 100
                                       Atlanta, GA 30339
                                       Tel. 713.410.6217
                                       brannon@cmblaw.com
                                       ben@cmblaw.com

                                       *Counsel for Plaintiff SnapMedTech, Inc.*